Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2012, 8:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**PHYLLIS J. GARRISON**
Wishard Health Services
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN THE MATTER OF THE CIVIL )
COMMITMENT OF M.B., )
)
    Appellant-Respondent, )
)
        vs. ) No. 49A02-1106-MH-505
)
WISHARD HEALTH SERVICES, )
MIDTOWN COMMUNITY MENTAL )
HEALTH CENTER, )
)
    Appellee-Petitioner. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gerald Zore, Judge
Cause No. 49D08-0204-MH-404

**March 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

M.B. was involuntarily committed to Midtown Community Mental Health Center, a Wishard Health Services' health center. M.B. raises one issue for our review: whether the evidence is sufficient to find him "gravely disabled" as defined by Indiana Code section 12-7-2-96. Concluding the evidence is sufficient, we affirm.

## Facts and Procedural History

Between 2007 and 2009, M.B. was committed several times to different state hospitals. In July 2009, Midtown filed a petition for involuntary commitment of M.B. and the trial court entered a commitment order. On September 1, 2010, the trial court continued the regular commitment without hearing. Since September 2010, M.B. has been an outpatient living in Beacon House, a recovery home for people coming out of incarceration. In April 2011, M.B. filed a motion for hearing for review or dismissal of regular commitment, and the court held a hearing in May 2011. The trial court found M.B. suffered from schizophrenia and was gravely disabled as defined in Indiana Code section 12-7-2-96, and it continued M.B.'s commitment. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Standard of Review

Indiana Code section 12-26-2-5(e) provides the trial court standard for involuntary commitment:

> (e) The petitioner is required to prove by clear and convincing evidence that:
> (1) the individual is mentally ill and either dangerous or gravely disabled; and
> (2) detention or commitment of that individual is appropriate.

When reviewing an order for commitment, this court considers only the evidence favorable to the judgment and all reasonable inferences drawn therefrom. In re Commitment of Bradbury, 845 N.E.2d 1063, 1065 (Ind. Ct. App. 2006). We will not reweigh the evidence or judge the witnesses' credibility. Id. If a reasonable person could have concluded commitment was appropriate under the statute, the order must be affirmed, even if other reasonable conclusions are possible. Id.

## II. Sufficiency of the Evidence

M.B. argues the trial court lacked sufficient evidence to find him gravely disabled.

"Gravely disabled". . . means a condition in which an individual, as a result of mental illness, is in danger of coming to harm because the individual:
(1) is unable to provide for that individual's food, clothing, shelter, or other essential human needs; or
(2) has a substantial impairment or an obvious deterioration of that individual's judgment, reasoning, or behavior that results in the individual's inability to function independently.

Ind. Code § 12-7-2-96.

M.B. contends the evidence only established that he was previously "gravely disabled," and that without evidence of being presently "gravely disabled" the evidence is insufficient. The evidence presented consisted of the testimonies of Dr. Mukesh Desai and M.B. Dr. Desai, a psychiatrist who began seeing M.B. in 2008 as a patient, testified he believed M.B. should stay under commitment because he did not think M.B. would be able to function outside of, at a minimum, a semi-structured environment, such as the recovery house he had recently been staying at, the Beacon House. Specifically, Dr. Desai noted M.B.'s

3

memory problem, unpredictable behavior, and tendency to drink alcohol as problems that would likely arise if M.B. left a structured environment. The structure provided at Beacon House includes medication monitoring, regular visits from case managers, monthly contact with a physician, an alcohol-free environment, alcoholics anonymous meetings, and an 11 p.m. curfew. Further, Dr. Desai testified that when M.B. previously attempted to gain more independence, it was difficult for M.B. to maintain sobriety, and that without sobriety, "the Schizoaffective Disorder is going to come back with full swing whether he takes his medications or not." Transcript at 12.

Regarding M.B.'s medications, Dr. Desai was asked "is there evidence that he would not take his medications?" Id. at 9. Dr. Desai answered "[b]ased on the past history, I'm very concerned. And, he will mix it with alcohol. He's done that repeatedly in the past. And, the cocaine use, he's venerable [sic] to the influence by [sic] others . . . ." Id. M.B.'s behavior did improve while staying at Beacon House. He was properly taking his medications and stayed sober during his time there. However, when asked if M.B. could maintain the behavior he exhibited while staying at Beacon House if he moved out of the structure provided for him there, Dr. Desai replied, "[n]o." Id. at 18. Based on the evidence supporting the trial court's judgment, a reasonable person could conclude M.B. is "gravely disabled" as defined by Indiana Code section 12-7-2-96. The evidence sufficiently shows M.B.'s mental illness makes him unable to function independently and he would be in danger of coming to harm if no longer committed.

4

<u>Conclusion</u>

A reasonable person could conclude M.B., as a result of mental illness, is in danger of coming to harm if no longer committed because he is unable to function independently. We therefore affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.